IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARQUAWN L. WILSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0496-CV-W-ODS |
| ) | Crim. No. 07-00287-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255; AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

## I. BACKGROUND

Movant pled guilty to being a felon in possession of a firearm and was sentenced to an enhanced penalty of 180 months' imprisonment. The Eighth Circuit affirmed Movant's sentence.[1] *See U.S. v. Wilson*, 568 F.3d 670 (8th Cir. 2009). Movant's 28 U.S.C. § 2255 motion claims (1) his plea counsel was ineffective for failing to advise him that would could be subject to an enhanced penalty if he pled guilty, (2) his sentencing counsel was ineffective for failing to investigate whether his prior convictions could be used to enhance his sentence, and (3) his appellate counsel was ineffective for failing to challenge the reasonableness of his sentence on direct appeal.

---

[1] Movant did not challenge his guilty plea on direct appeal.

II.  DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness.  *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010).  The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  The Court addresses separately each of Movant's claims.

*(a) Ineffective Assistance of Plea Counsel*

In the plea context, Movant's ineffective assistance claim must show a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  Movant contends that plea counsel was ineffective for failing to advise that a guilty plea would subject him to an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

The Eighth Circuit rejected a similar claim in *Thomas v. U.S.*, 27 F.3d 321, 325-26 (8th Cir. 1994), because (1) at the time of the plea hearing, it was impossible to know or predict whether the movant would be sentenced as a career offender, (2) the movant stated at the plea hearing that he was satisfied with the advice of plea counsel, (3) the movant did not seek to withdraw his guilty plea after the presentence report recommended an enhanced sentence, and (4) the movant had no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences.[2]

---

[2] The Court notes that the district court in *U.S. v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1135-39 (N.D. Iowa 2007), distinguished *Thomas* and disagreed with its reasoning.  But no Eighth Circuit case has approved of *Marcos-Quiroga*, while *Thomas* has been cited by the Eighth Circuit since *Marcos-Quiroga* was decided.  *See U.S. v. Nesgoda*, 559 F.3d 867, 870 n.3 (8th Cir. 2009).

These same factors are present here. Under *Thomas*, Movant's claim that counsel was ineffective fails.

Movant also argues that neither his plea counsel nor the Court informed him that three predicate convictions were necessary for him to be subject to an enhanced sentence under 18 U.S.C. § 924(e)(1). But the prosecutor at the plea hearing–at the direction of the Court–specifically informed Movant that if he were "found to be an armed career offender," the range of punishment would be not less than 15 years nor more than life. The Court then asked Movant, "Do you understand the potential punishment that you face upon conviction?" Movant responded, "Yes." Under these circumstances, Movant was adequately advised of his punishment, even if he was not specifically told how his sentence could be enhanced to a 15-year term. *See Matthews v. U.S.*, 114 F.3d 112, 114 (8th Cir. 1997) (noting that regardless of counsel's sentencing advice, movant could not show prejudice where court advised him of potential maximum sentence at plea proceeding and defendant indicated he understood before pleading guilty).

*(b) Ineffective Assistance of Sentencing Counsel*

Movant next contends sentencing counsel failed to conduct a reasonable investigation to determine whether the predicate convictions used to enhance his sentence qualified as violent felonies under ACCA.[3] Movant also faults counsel for failing to obtain the necessary documents as proof that his prior convictions contained the necessary elements to qualify as predicate offenses.

But sentencing counsel did challenge the use of Movant's prior conviction for child abuse as a predicate offense. At sentencing, the prosecutor introduced a certified copy of the conviction, including the charging document which alleged defendant knowingly inflicted cruel and inhuman punishment upon a child less than 17 years old. Sentencing counsel unsuccessfully argued to this Court and on direct appeal that this

---

[3] This contention includes Movant's arguments that the predicate offenses used to enhance his sentence were not "violent felonies" under ACCA.

conviction was not a violent felony under ACCA. *See Wilson*, 568 F.3d at 674. The record disproves Movant's claim that his counsel failed to challenge this predicate conviction.

The presentence report also found that Movant had predicate convictions for unlawful use of a weapon in Missouri. The Court was entitled to rely on presentence report's findings absent an objection. *See U.S. v. Oaks*, 606 F.3d 530, 544 (8th Cir. 2010). Although Movant faults counsel for failing to obtain proof of these convictions, he does not argue that the presentence report's findings or factual recitations are inaccurate or that certified copies of the convictions would have shown any different information.

And Movant's convictions for unlawful use of a weapon qualify as "violent felonies" under ACCA. Missouri's statute proscribing unlawful use of a weapon contains ten subsections, each criminalizing different conduct. See Mo. Ann. Stat. § 571.030.1.[4] In relating what was reflected on the charging documents, the presentence report states Movant "exhibited a .22 rifle and a sawed-off shotgun, both weapons being readily capable of lethal use." This most closely tracks subsection (4) of the statute, which prohibits "[e]xhibit[ing], in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner."[5] A violation of Mo. Ann. Stat. § 571.030.1(4) qualifies as a violent felony. *See U.S. v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009). Movant has not shown counsel was ineffective with respect to these convictions.

Movant lastly argues his prior Missouri conviction for first-degree assault should not have been used for enhancement because it was a lesser-included offense, citing *Taylor v. U.S.*, 495 U.S. 575, 601-02 (1990). But *Taylor* does not stand for the

---

[4] For example, subsection (1) prohibits carrying concealed a weapon readily capable of lethal use, subsection (2) prohibits setting a spring gun, and subsection (3) prohibits discharging a firearm into a dwelling house and other structures. *See* Mo. Ann. Stat § 571.030.1.

[5] Movant notably makes no argument that his convictions were under a subsection other than § 571.030.1(4).

4

proposition that a lesser-included offense cannot be used as a predicate conviction; *Taylor* simply noted that if a defendant pled guilty to a lesser offense as the result of a plea bargain, it would seem unfair to enhance the defendant's sentence as if he or she had pled guilty to the greater offense that had been charged. *Id.* Such unfairness is not present in Movant's case because the same offense used for enhancement–first-degree assault–was the crime of conviction. And first-degree assault is a "violent felony" under ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining "'violent felony'" to include crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); Mo. Ann. Stat. § 565.050.1 ("A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.") Movant has not shown ineffective assistance of sentencing counsel.

### (c) Ineffective Assistance of Appellate Counsel

Movant faults appellate counsel for not challenging the reasonableness of his sentence on appeal. But sentences within the Guidelines are presumptively reasonable. *U.S. v. Saddler*, 538 F.3d 879, 890 (8th Cir. 2008). Movant's sentence was within the Guidelines, and he makes no argument how his sentence was unreasonable. This claim fails.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In this

5

case, Movant's arguments are demonstrably incorrect, and there is no justification for further proceedings. The Court declines to issue a certificate of appealability.

## IV. CONCLUSION

No evidentiary hearing is required on Movant's § 2255 motion, and it is denied. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, JUDGE
DATE: September 7, 2010                UNITED STATES DISTRICT COURT